733 So.2d 652 (1999)
STATE of Louisiana
v.
Travis HICKS.
No. 98-KA-1231.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*653 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Joan S. Benge, George C. Wallace, Jr., Assistant Dist. Attys., for Plaintiff-Appellee.
*654 Laurie A. White, Louisiana Appellate Project, New Orleans, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Travis Hicks, with illegal carrying of a weapon by a convicted felon, in violation of LSA-R.S. 14:95.1. Following the defendant's waiver of his right to a trial by jury, the matter proceeded to a bench trial. At the conclusion of the proceedings, the trial judge found the defendant guilty as charged. As a result of this conviction, the trial judge subsequently sentenced the defendant to ten years at hard labor without benefit of parole, probation or suspension of sentence. It is from this conviction and sentence that the defendant now appeals.

FACTS
On July 22, 1997, at approximately 9:00 a.m., Donna Besson was asleep in her home with her children when she was awakened by someone continuously ringing the doorbell and knocking on the door. She looked out of the peephole in the door and saw the individual who was ringing the bell. She became scared and called 911 when this person opened the storm door, pulled on the doorknob, and then walked to the side of her house. Ms. Besson looked out her picture window and described the man to the 911 operator as a black male wearing jeans, a white t-shirt, and a cap.
Deputy Brian Hermann of the Jefferson Parish Sheriff's Office responded to this suspicious person call. The officer arrived in the area within minutes after receiving the call and observed a person who fit the description given by Ms. Besson, half a block from the origin of the complaint. Deputy Hermann stopped and questioned the defendant and also conducted a pat-down search. During that search, Deputy Hermann felt what appeared to be a knife concealed on the defendant's person. The officer retrieved the object and discovered that it was a kitchen knife. At some point, the defendant told the officer that he carried the knife for his protection. Deputy Hermann then checked the defendant's criminal history and determined that he had prior felony convictions. The officer arrested the defendant and charged him with violating LSA-R.S. 14:95.1.
After the presentation of the state's case, defense counsel presented testimony to show that the defendant had brought his girlfriend's child to summer camp on the day of the incident, that the defendant opened the child's book bag, saw the knife, took it out, and put it in his pocket.

MOTION TO SUPPRESS
In his first assignment of error, the defendant contends that the trial court erred in denying his motion to suppress the evidence, specifically asserting that the arresting officer did not have probable cause or reasonable suspicion to stop and search him. The defendant claims that reasonable cause was lacking because there was insufficient evidence to show either that he was the person at Ms. Besson's door or that he had committed or was about to commit a crime.
The Fourth Amendment of the United States Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Reasonable cause for an investigatory stop is something less *655 than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Belton, supra; State v. Rosales, 537 So.2d 850 (La.App. 5 Cir.1989). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, supra. Police do not have to observe what they know to be criminal behavior before investigating. The requirement is that the officer have a reasonable suspicion of criminal activity. State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988.
When a police officer observes conduct which leads him to reasonably conclude that criminal activity may be afoot and that the persons with whom he is dealing may be armed and dangerous, he is entitled to conduct a carefully limited search to discover weapons that might be used to assault him, in the course of the investigatory stop. The pat-down is justified under circumstances where a reasonably prudent man would be warranted in the belief that his safety or that of others was in danger. State v. Gresham, 97-1158 (La.App. 5 Cir. 4/15/98), 712 So.2d 946, writ denied, 98-2259 (La.1/15/99), 736 So.2d 200. The officer's belief is not reasonable unless the officer can point to particular facts from which he reasonably inferred that the individual was armed and dangerous. It is not necessary that the officer establish that it was more probable than not that the detained individual was armed and dangerous; it is sufficient that the officer establish a substantial possibility of danger. State v. Edwards, 630 So.2d 302 (La.App. 5 Cir.1993).
Paragraph B of LSA-C.Cr.P. art 215.1 codifies this principle and provides in pertinent part:
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
Based on the particular facts and circumstances of this case, we find that there was reasonable suspicion to justify the investigatory stop and subsequent pat-down search of the defendant. Deputy Hermann received a radio call stating that there was a suspicious person wearing a blue cap, white shirt and blue jeans walking in the 900 block of Gaudet Drive. The suspicious person call in this case was originated by Ms. Besson because an individual whom she did not know kept ringing the doorbell and knocking on the door. The individual also opened her screen door, tried the doorknob, and then walked to the side of her house. Deputy Hermann arrived on the scene within several minutes and saw defendant, who fit the description of the suspicious person, half a block from the origin of the complaint. Based on this knowledge, Deputy Hermann decided to stop and question the defendant. The deputy, who was alone at the time of the stop, testified that he conducted the pat-down search of the defendant, for his safety and also because the defendant fit the description of the suspicious person.
Given the facts and circumstances of this case, we find that the officer had reasonable suspicion to make an investigatory stop and to conduct a subsequent pat-down search of the defendant. Accordingly, we conclude that the trial judge properly denied the defendant's motion to suppress evidence.

EXCESSIVE SENTENCE
In his second assigned error, the defendant complains that his sentence of ten years without benefit of parole, probation or suspension, is excessive. For the reasons *656 set forth in the following error patent discussion, we find it necessary to vacate the defendant's sentence. Accordingly, the issue of excessiveness of sentence will not be addressed at this time.

ERROR PATENT DISCUSSION
On appeal, the defendant requests that this court review the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). The defendant specifically requests that this court review the record to determine whether the state properly used the convictions in case numbers 86-0460 and 87-3347 as predicates for his current conviction. The defendant argues that the state presented only certified copies of the convictions in these cases, without any evidence of the resulting sentence, probation, parole, or suspension of sentence. He further asserts that without this sentencing evidence, it is impossible to determine whether these predicate convictions fall within the ten year period set forth in LSA-R.S. 14:95.1.
In the present case, the defendant was convicted of a violation of LSA-R.S. 14:95.1 which reads, in pertinent part, as follows:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
* * * * * *
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
In accordance with the defendant's request, we have reviewed the record and find that the state did, in fact, offer sufficient evidence to prove that case numbers 86-0460 and 87-3347 fell within the ten year period. Moreover, even if the state failed to prove that these two particular convictions fell within the ten year time frame, the state also introduced evidence of four other convictions. We have reviewed the evidence presented by the state and find that the state sufficiently proved the elements of the offense.
A further review of the record for errors patent reveals that the trial judge failed to wait twenty-four hours between the denial of the motion for new trial and the imposition of sentence as required by LSA-C.Cr.P. art. 873. That article reads as follows:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
In the instant case, there is no indication in the record that the defendant waived *657 the twenty-four hour delay. While we acknowledge that the defendant's conviction carried a mandatory prison sentence, the trial judge nonetheless had to determine the number of years to be imposed. Moreover, the defendant on appeal specifically challenges the sentence imposed. Given these circumstances, we are required to vacate the defendant's sentence and remand the matter to the trial court for resentencing. See State v. Augustine, 555 So.2d 1331 (La.1990) and State v. Bowers, 97-1029 (La.App. 5 Cir. 5/27/98), 712 So.2d 302.
We also note that the trial judge, at the time of sentencing the defendant for the instant offense, failed to advise him of the prescriptive period for post conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. Since we remand the matter for resentencing, we direct the trial judge to advise the defendant of the prescriptive period for post conviction relief at that time.
For the reasons set forth herein, we affirm the defendant's conviction, vacate his sentence, and remand the matter for resentencing in accordance with this opinion.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.