| .DECUIR, Judge.
Defendant, Neiko Tremaine Gullette, was charged with possession of a firearm by a convicted felon. Defendant filed a motion to suppress evidence, which was denied. On the same date, the Defendant entered a guilty plea, pursuant to a plea *534 agreement. He reserved his right to appeal the court’s ruling on the motion to suppress, pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
The court sentenced the Defendant to ten years hard labor, concurrent with any other sentences, without benefit of parole, probation, or suspension of sentence. The Defendant now appeals, assigning one error.
FACTS
On October 4, 1999, Officer Benjamin Robinson of the Alexandria Police Department was on patrol. At approximately 12:30 a.m., Robinson responded to a call at the Sunset Housing Authority on Monroe Street in Alexandria. The complainant’s neighbors had seen a large black man looking into her window. They also described the suspect’s clothing. Robinson took the complaint, then resumed his patrol. Within approximately ten minutes, the officer observed a large black man,[1] the Defendant, wearing the same type of clothing described by the complainant’s neighbors.
Robinson detained the Defendant, asking him to place his hands on the patrol car; the Defendant complied. Another man was walking with the Defendant; the officer asked him to leave the area, which he apparently did. Robinson then conducted a “pat-down” search, and found that the Defendant had a pistol in his pocket.
[¡.MOTION TO SUPPRESS
In his sole assignment of error, the Defendant argues that the trial court erred by denying his motion to suppress. He contends that it was improper for Robinson to stop him, based on the limited description available. In the alternative, he argues that even if the stop was justified, the subsequent pat-down search was not.
The controlling statute is La.Code Crim.P. art. 215.1, which states in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.
In this case the officer had recently received a report of a “Peeping Tom” who generally matched the Defendant’s description. “Peeping Tom” behavior is described, and proscribed, by La.R.S. 14:284. Thus, Officer Robinson reasonably suspected that the Defendant was a “Peeping Tom,” based upon the information he had recently received from neighbors of the victim. On appeal, the Defendant complains of a seeming weakness in the State’s case. At the hearing, the officer could not remember what type of clothing the Defendant was wearing at the time of the stop, or what clothing witnesses had described, but he testified that the Defendant’s clothing matched the description given to him shortly before the stop. [¡¡The lower court apparently found the officer to be credible, which was within its *535 discretion. The officer’s lack of recollection has no impact on the validity of the stop.
The fifth circuit recently discussed a scenario similar to the one in the present case:
The Fourth Amendment of the United States Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. Belton, supra; State v. Rosales, 537 So.2d 850 (La.App. 5 Cir.1989). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, supra. Police do not have to observe what they know to be criminal behavior before investigating. The requirement is that the officer have a reasonable suspicion of criminal activity. State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988.
When a police officer observes conduct which leads him to reasonably conclude that criminal activity may be afoot and that the persons with whom he is dealing may be armed and dangerous, he is entitled to conduct a carefully limited search to discover weapons that might be used to assault him, in the course of the investigatory stop. The pat-down is justified under circumstances where a reasonably prudent man would be warranted in the belief that his safety or that of others was in danger. State v. Gresham, 97-1158 (La.App. 5 Cir. 4/15/98), 712 So.2d 946, twit denied, 98-2259 (La.1/15/99), 736 So.2d 200. The officer’s belief is not reasonable unless the officer can point to particular facts from which he reasonably inferred that the individual was armed and dangerous. It is not necessary that the officer establish that it was more probable than not that the detained individual was armed and dangerous; it is sufficient that the officer establish a substantial possibility of danger. State v. Edwards, 630 So.2d 302 (La.App. 5 Cir.1993).
Paragraph B of LSA-C.Cr.P. art 215.1 codifies this principle....
|4Based on the particular facts and circumstances of this case, we find that there was reasonable suspicion to justify the investigatory stop and subsequent pat-down search of the defendant. Deputy Hermann received a radio call stating that there was a suspicious person wearing a blue cap, white shirt and blue jeans walking in the 900 block of Gaudet Drive. The suspicious person call in this case was originated by Ms. Besson because an individual whom she did not know kept ringing the doorbell and knocking on the door. The individual also opened her screen door, tried the doorknob, and then walked to the side of her house. Deputy Hermann arrived on the scene -within several minutes and saw defendant, who fit the description of the suspicious person, half a block from the origin of the complaint. Based on this knowledge, Deputy Hermann decided to stop and question the defendant. The deputy, who was alone at the time of the stop, testified that he conducted the pat-down search of the defendant, *536 for his safety and also because the defendant fit the description of the suspicious person.
Given the facts and circumstances of this case, we find that the officer had reasonable suspicion to make an investigatory stop and to conduct a subsequent pat-down search of the defendant. Accordingly, we conclude that the trial judge properly denied the defendant’s motion to suppress evidence.
State v. Hicks, 98-1281, pp. 4-6 (La.App. 5 Cir. 3/80/99), 733 So.2d 652, 654-55. Applying Hicks to the facts of this case, we find the stop was valid.
We must now determine whether the frisk conducted by Officer Robinson was justified. The State relies on Hicks in arguing that the frisk was justified. The State notes that Officer Robinson was alone and responding to a report of criminal activity, and that the Defendant fit the description given to the officer and was a very large man. Moreover, the State points out that it was very late at night and that the Defendant had a companion in the area. Finally, while Officer Robinson did not specifically use the words “for my safety” it is clear that the words “I’m not going to take a chance” carry the same import in considering whether the frisk was justified. Under these circumstances, we find that the officer “can point to particular facts from which he reasonably inferred” that the suspect presented a danger as required by Hicks. Hicks, 98-1231, p. 5, 733 So.2d 655. Therefore, the fiisk was justified.
| sThe Defendant argues that the frisk was not justified because the officer did not articulate the reasons he felt the frisk was necessary. In support of this contention, he relies on State v. Denis, 96-0956 (La.App. 4 Cir. 3/19/97), 691 So.2d 1295, writ denied, 97-1006 (La.6/20/97), 695 So.2d 1352, wherein the court found that such an articulation was necessary for a court to apply La.Code Crim.P. art. 215.1B. However, in State v. Ratliff, 97-1054 (La.App. 4 Cir. 8/13/97), 700 So.2d 213, the court found a way to apply the statute without such articulation where the frisk occurred in a drug area. Apparently, in Ratliff, the court used a totality of the circumstances approach.. We find that the articulation of justification for a frisk as required by the Denis court is not necessary. The courts of this state are capable of examining the totality of the circumstance in a particular case and determining whether an officer acted reasonably in conducting a frisk or pat down search. Accordingly, we find based on the totality of the circumstances that the frisk in this case was justified.
CONCLUSION
For the foregoing reasons, the motion to suppress was properly denied. The Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The record shows that the Defendant is six feet, three inches tall, and weighs approximately three hundred and three pounds,