853 So.2d 61 (2003)
STATE of Louisiana
v.
Rodney WALKER.
No. 03-KA-188.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2003.
*62 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Nancy A. Miller, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
*63 A. Bruce Netterville, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
Defendant, Rodney Walker, appeals his conviction of possession of cocaine. For the reasons which follow, we affirm his conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging defendant with possession of cocaine, a violation of LSA-R.S. 40:967(C). Defendant pled not guilty and subsequently filed a motion to suppress evidence, which was heard and denied by the trial judge. The matter thereafter proceeded to trial before a six person jury which found defendant guilty as charged.
Defendant filed a motion for new trial which was heard and denied by the trial court. After waiving sentencing delays, the court sentenced defendant to four years at hard labor with credit for time served.
The state then filed a multiple offender bill of information alleging defendant to be a second felony offender. Defendant admitted the allegations of the multiple bill and was sentenced, in accordance with the plea agreement, to five years of imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant now appeals.

FACTS
On the night of December 20, 2000, Deputy Kurt Sanderson, of the Jefferson Parish Sheriff's Office, was dispatched to 6160 August Street in reference to a 911 hang up call. Upon arriving at the location, Deputy Sanderson observed two vehicles in the driveway of the home, one a Chevy Lumina and the other, a compact car. As he exited his vehicle, the Lumina backed out of the driveway with its lights off and rapidly accelerated from the location. Deputy Sanderson was told by a woman at the scene that the driver of the Lumina was the "dope man" and possessed crack cocaine inside of his car. Upon hearing that information, Deputy Sanderson notified his backup officer, Deputy Ricky Boudreaux, who was en route to the area.
Deputy Boudreaux testified that, within 10 to 20 seconds of receiving the call, he stopped the vehicle at the intersection of August and Ames. Boudreaux testified that the vehicle did not have functioning headlights when he performed the stop. After making the stop, Boudreaux ordered defendant out of the vehicle and conducted a pat down search and field interview of defendant. During this time, the driver's door of the vehicle was open, and the officer observed, in plain view, a small off-white, rock-like substance on the floorboard of the vehicle. The officer seized the substance. Subsequent tests revealed the rock to be crack cocaine.
Boudreaux then called for a K-9 unit to search the car for possible additional narcotics. Deputy Curtis Roy arrived at the scene with a K-9 dog and a search of the vehicle was conducted. As a result of the search, Boudreaux located and seized a bag containing small rocks of what appeared to be crack cocaine from the center console of defendant's vehicle. Subsequent testing revealed that these rocks were also crack cocaine.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant argues that the trial court erred in denying his motion to suppress evidence.
*64 The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Hicks, 98-1231 (La.App. 5 Cir. 3/30/99), 733 So.2d 652. Reasonable suspicion for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable suspicion to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Hicks, 733 So.2d at 654-655.
In the present case, defendant asserts that the stop of the vehicle was illegal because the officers lacked reasonable suspicion of criminal activity. He specifically asserts that the sheriff's deputies had "nothing upon which to suspect illegality" and the only information concerning defendant's suspected possession of cocaine came from an unidentified woman. Defendant contends that the tip from the unidentified woman failed to give the investigating officer any information about the identity or address of the driver or any information concerning the make, model, and color of the automobile. We find no merit to this argument. In fact, the issue of whether the citizen's complaint provided reasonable suspicion for the stop is of no consequence because the officers were justified in stopping defendant on other grounds.
The evidence, at both the suppression hearing and the trial, was clear that defendant was driving the vehicle at night without headlights. Driving at night without lighted headlights is a violation of LSA-R.S. 32:301, which requires that every vehicle upon a highway within this state shall display lighted lamps and illuminating devices at any time between sunset and sunrise. LSA-R.S. 32:301(1). It has been held that a traffic violation constitutes reasonable cause for a stop. State v. Curtis, 98-1283 (La.App. 5 Cir. 6/1/99), 738 So.2d 657; State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514, writ denied, 98-1452 (La.10/9/98), 726 So.2d 27. Therefore, the police clearly had reasonable cause to stop defendant's vehicle because it was being operated without headlights as required by statute. Additionally, Deputy Boudreaux had the authority to order the defendant out of the vehicle pending the completion of the traffic stop. State v. Curtis, 738 So.2d at 660.
After defendant exited his vehicle, Deputy Boudreaux performed a pat down of defendant and conducted a field interview. Deputy Boudreaux then looked through the open driver's side door and observed a small off-white, rock-like substance. Suspecting the item was crack cocaine, Deputy Boudreaux collected the item. Under the plain view exception to the warrant requirement, if the police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. See, Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Stamp, 98-193 (La.App. 5 Cir. 7/28/98), *65 718 So.2d 531, 533; State v. Perkins, 97-1119 (La.App. 3 Cir. 6/17/98), 716 So.2d 120, 126. Because the crack cocaine was in plain view, we find that it was lawfully seized. Based on the foregoing discussion, we find that the trial judge did not err in denying defendant's motion to suppress evidence. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, defendant challenges the sufficiency of the evidence used to convict him of possession of cocaine.
The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypotheses of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
To support a conviction for possession of cocaine under LSA-R.S. 40:967, the state must prove beyond a reasonable doubt that defendant was in possession of the cocaine and that he knowingly possessed it. State v. Ruffin, 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85. The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. However, proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.
On appeal, defendant contends that the state failed to prove that he possessed the cocaine. He points to the fact that no cocaine was found on his person. He also points out that no evidence was submitted establishing that he owned the vehicle which he was driving.[1]
In the instant case, defendant was stopped driving a vehicle in which crack cocaine was found in plain view on the driver's side floorboard. Additional cocaine was found in the center console of the vehicle. As driver and sole occupant, defendant had custody of the car and the cocaine was within his immediate control.
*66 The possible lack of ownership of the vehicle does not negate defendant's control over the car and its contents.
In State v. Ashlock, 526 So.2d 511, 512-513 (La.App. 3 Cir.1988), the Third Circuit found that defendant's use of an automobile was sufficient to show he had constructive possession of marijuana found in the automobile, even though it was never established who the registered owner was. Similarly, in State v. Manson, 01-159 (La. App. 5 Cir. 6/27/01), 791 So.2d 749, this court found that a defendant had constructive possession of cocaine where he was the driver of the vehicle, despite testimony the car belonged to another person. Also, in State v. Williams, 01-644 (La.App. 5 Cir. 11/27/01), 802 So.2d 909, this court found that a defendant was in constructive possession of cocaine where cocaine was found in plain view within the car he was driving, although the car belonged to another person.
Based on the foregoing discussion, we find that the state proved beyond a reasonable doubt that defendant had constructive possession of the cocaine.
To establish possession of cocaine, the state was also required to show that defendant knowingly or intentionally possessed the cocaine. The element of knowledge and intent are states of mind that need not be proven as facts, but may be inferred from the circumstances. State v. Reyes, 98-424 (La.App. 5 Cir. 12/29/98), 726 So.2d 84,88, writ denied, 99-1474 (La.10/8/99), 750 So.2d 967. With regard to this element, defendant contends that the "trace amount" of cocaine found, without other relevant circumstantial evidence, was insufficient to establish his guilty knowledge.[2]
Contrary to defendant's arguments, there was additional evidence presented by the state establishing defendant's guilty knowledge. Deputy Sanderson testified that, after he received the call, he proceeded to the origin of the hang up 911 call using his vehicle's lights and siren. When he arrived at the scene, he exited his vehicle and, as he approached the location, a dark colored Chevy Lumina rapidly pulled out from the driveway and began accelerating from the scene with its lights off. Further, when defendant was stopped, he was the sole occupant and driver of the car, and, according to his mother, defendant had possession of the car for approximately two weeks prior to his arrest. Given these circumstances, it can be inferred that defendant had the requisite mental intent.
Based on the foregoing discussion, we find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that defendant was in constructive possession of cocaine and that he knowingly or intentionally possessed it. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assigned error, defendant asserts that the sentence imposed was excessive. The appellate court record does not contain a transcript of the sentencing *67 proceedings. This court, on April 28, 2003, ordered defendant to supplement the appellate record with all transcripts of the post-trial/post-verdict proceedings on or before May 7, 2003. Defendant has failed to comply with this order, and therefore, we consider this assignment of error to be abandoned. Moreover, we note that the sentence was apparently imposed pursuant to a plea agreement.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
Accordingly, for the reasons set forth herein, we affirm defendant's conviction for possession of cocaine and his sentence to five years imprisonment at hard labor without benefit of probation or suspension of sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] At trial, Deputy Boudreaux testified that, after defendant exited the vehicle, he examined defendant's driver's license, registration, and proof of insurance, and determined that defendant was the owner of the vehicle. However, defendant's automobile registration was ruled inadmissible at trial.
[2] Defendant contends that only a "trace amount" of cocaine was found in the vehicle. Daniel Waguespack testified that the amount of cocaine found was one-tenth of a gram. While such an amount is small, it does not appear to qualify as a "trace amount." In cases discussing "trace amounts" of crack cocaine, the amounts appear to consist of residue contained within or on drug paraphernalia, which is much less that the amount in the present case. See, State v. Daggs, 32,216 (La.App. 2 Cir. 8/19/02), 823 So.2d 1093, 1098 and State v. Carter, 99-0779 (La.App. 4 Cir. 11/15/00), 773 So.2d 268, 277.