915 So.2d 344 (2005)
Charles KIMBROUGH, et al.
v.
Lynn COOPER, Warden, et al.
No. 2005-K-2335.
Supreme Court of Louisiana.
November 22, 2005.
Concurring in Part and Dissenting in Part Opinion November 29, 2005.
Concurring in Part and Dissenting in Part Opinion of Justice Johnson November 29, 2005.
PER CURIAM.
The stay previously issued on November 18, 2005, is lifted. The writ application is denied in part and granted in part.
With respect to the district court's order of November 9, 2005, regarding Class IV misdemeanor cases, the writ application is denied.
With respect to the Class II and Class III felony cases involved in these consolidated actions, except regarding detainees as to whom the detainee and the state agree should be released, the order issued by the district court on November 9, 2005, is vacated. The widespread devastation following Hurricane Katrina, resulting in the emergency orders issued by Governor Blanco suspending prescription, preemption, and other legal deadlines from August 29, 2005, until November 25, 2005, provided just cause for the state's delay in formally charging the arrestees within the time limits specified by La. Code Crim. Proc. art. 701(B)(1). See La. Code Crim. Proc. art. 701(E) (just cause under the statute includes "any grounds beyond the control of the State or the Court.") Although *345 art. 701(B)(2) does not specify additional time periods for formally charging an arrestee upon a showing that just cause excused the state's delay in filing an information or indictment within the limits provided by art. 701(B)(1), we determine that the state shall have until 5:00 p.m. on January 6, 2006, in which to file a bill of information of indictment in the Class II and Class III cases. Cf. La. Code Crim. Proc. art. 3 ("Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions.")
JOHNSON, J., concurs in part, dissents in part, and assigned reasons.
KNOLL, J., would vacate the stay order and deny the writ.
JOHNSON, J., concurs in part, dissents in part for the following reasons.
I agree with the majority's action with regard to denying the writ application as it relates to class IV misdemeanor cases. I strongly disagree with the court's decision to issue the stay and continue in custody those detainees who have been charged with violations of "third grade" non-violent relative felonies.
The District Attorney argues that the interest of justice requires their continued detention because of the disruption to the courts following Hurricane Katrina and the fact that the City is "slowly recuperating from the devastation" and is "experiencing shortages of housing, limited telephonic communication, limited healthcare, and an overall limitation of all resources." If we were interested in justice, we would immediately release these detainees since a district court judge has conducted a full hearing and determined they do not pose a threat to public safety. At this point when the entire state is facing tremendous pressure to allocate scarce resources, it boggles the mind to see the state argue for continued incarceration when it would be economically prudent to release these detainees. Why would we incur the costs in housing and feeding these detainees when they pose no threat to the public safety and their continued incarceration creates a financial burden upon the State in these financially precarious times.
I believe that it is error to stay the release of this class as these detainees are clearly entitled to immediate release. I would vacate the stay order and deny this writ application in its entirety.