993 So.2d 779 (2008)
STATE of Louisiana
v.
Glenn WATSON.
No. 08-KA-214.
Court of Appeal of Louisiana, Fifth Circuit.
August 19, 2008.
*781 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges FREDERICKA HOMBERG WICKER, GREG G. GUIDRY, and ROBERT L. LOBRANO, Pro Tempore.
FREDERICKA HOMBERG WICKER, Judge.
In this criminal proceeding, defendant Glenn Watson appeals his convictions and sentences for felon in possession of a firearm and possession of cocaine, violations of La.R.S. 14:95.1 and La.R.S. 40:967(C), respectively. Mr. Watson assigns the following errors: (1) It was error to deny the motion to quash in view of the unreasonable delay in arraigning appellant and bringing him to trial; (2) The evidence was insufficient to support the verdict beyond a reasonable doubt. He also requests an error patent review. For the following reasons, we affirm.

PROCEDURAL HISTORY:
On October 20, 2005 the Jefferson Parish District Attorney charged Glenn Watson with one count of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1, and one count of possession of cocaine, a violation of La.R.S. 40:967(C).[1] On March 1, 2006, Mr. Watson filed the following pro se motions: (1) Motion for speedy trial; (2) motion to quash the bill of information based on delay in arraignment; and (3) motion to suppress evidence. A few months after, on May 18, 2006, the trial judge denied the motion to quash and referred the remaining motions *782 to another date when newly appointed counsel would be present. On this date, defendant was also arraigned and pled not guilty.
On June 14, 2006, defense counsel filed, among other things, pretrial motions to suppress evidence, confession, and identification. The court heard and denied prior to trial the motion to suppress evidence and a motion for preliminary examination. The motion for speedy trial was never heard. On October 31, 2006, before trial, the trial judge asked if the motion to suppress was the only outstanding motion. He stated he wanted the record to be clear as to what was pending. Defense counsel asked the court to also consider the outstanding motion for a preliminary examination. Defense counsel did not ask the trial judge to consider and rule on the motion for speedy trial. Therefore, this motion was waived.
Later, on August 30, 2006, the State amended the bill of information dismissing the cocaine charge and changing the La.R.S. 14:95.1 charge to a charge of illegal carrying of a firearm while in possession of a controlled dangerous substance under La.R.S. 14:95(E). Subsequently, on October 31, 2006, the state again amended the bill of information, this time reinstating the previous charges of one count of being a felon in possession of a firearm under La.R.S. 14:95.1, and one count of possession of cocaine under La. R.S. 40:967(C). On that same day, defendant, who had waived his right to jury trial, was tried by the judge and found guilty as charged.[2]
Soon thereafter, on November 7, 2006, Mr. Watson filed a motion to arrest judgment or alternatively a motion for new trial challenging the sufficiency of the evidence. On November 8, 2006, the trial judge denied these motions and, finding that defendant had waived sentencing delays, proceeded with sentencing. Defendant was sentenced to 12 years at hard labor without benefit of probation, parole, or suspension of sentence and to pay a fine of $2,000, as to the firearm count, and to four years at hard labor, as to the cocaine count, to be served concurrently.
On June 27, 2007, Glenn Watson filed a motion for out of time appeal, which was granted on July 6, 2007. Because this motion was filed more than 30 days beyond the time period for filing an appeal under La.C.Cr.P. art. 914, the proper procedure for reinstatement of appeal rights would have been to file an application for post-conviction relief. State v. Counterman, 475 So.2d 336 (La.1985). However, since the state did not object to any procedural irregularities in the ordering of the out-of-time appeal, and the trial court granted the appeal appointing the Louisiana Appellate Project, a dismissal of this appeal to allow the defendant to properly seek reinstatement of appeal rights under Counterman, would only prolong the delay without serving any useful purpose. State v. S.J.I., 06-2649 (La.6/22/07), 959 So.2d 483. Therefore, this appeal is properly before this court. State v. S.J.I., supra.

FACTS
The evidence and testimony at trial revealed the following:
*783 On July 19, 2005, Gretna Police Department officers Bill Johnson and Wayne Williams were conducting surveillance on the Oasis Motel with regard to narcotics trafficking. Johnson observed Mr. Watson, the defendant, leave his motel room and drive to the Westbank Expressway. Johnson followed in his unmarked police vehicle and stopped Mr. Watson for failure to wear a seatbelt. Mr. Watson did not stop his vehicle immediately, but Johnson did not see Watson attempt to conceal anything in the vehicle prior to the stop. During the stop, Mr. Watson revealed to Officer Johnson that Mr. Watson's girlfriend owned the vehicle. Johnson also learned that there was an outstanding attachment for Watson. Johnson had Watson, who was alone in the vehicle, exit the vehicle, and placed him under arrest. Mr. Watson was then searched incidental to arrest, and Johnson located a clear plastic bag containing several off-white rocks in Watson's left shoe. Johnson also searched the vehicle incidental to the arrest, and found a firearm and Mr. Watson's photographic identification together in the center console.
The State introduced a chain of custody report on the clear plastic bag and its contents, as well as Charles Krone's testimony. Mr. Krone is an expert forensic scientist. Mr. Krone testified that the off-white rocks found in Mr. Watson's shoe tested positive for the presence of cocaine.
The State then presented the testimony of Luis Munguia, JPSO latent fingerprint supervisor and an expert in fingerprint analysis. Munguia identified Mr. Watson in the courtroom and explained that he had taken Mr. Watson's fingerprints on the day of trial. The State introduced those fingerprints into evidence. The State also introduced into evidence defendant's fingerprints taken at the time of Mr. Watson's prior conviction. Munguia testified that the two sets of fingerprints belonged to the same person. The State then introduced a certified copy of Mr. Watson's prior conviction for armed robbery on August 26, 1997.

DISCUSSION

Sufficiency of Evidence:
Mr. Watson argues that the evidence was insufficient for a rational trier of fact to find him guilty beyond a reasonable doubt. In particular, he contends that the arresting officer's testimony was not credible, rendering the verdict irrational as to his conviction for felon in possession of a firearm. The State responds that the trial court's credibility determinations were rational and therefore not subject to challenge on appeal.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291; State v. Williams, 99-223, p. 6 (La.App. 5 Cir. 6/30/99), 742 So.2d 604, 607. When circumstantial evidence forms the basis for a conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Williams, 99-223 at p. 8, 742 So.2d at 608. When circumstantial evidence is used to prove a case, the trier of fact must, in order to obtain a conviction, and assuming every fact to be proved that the evidence tends to prove, exclude every reasonable hypothesis of innocence. La.R.S. 15:438. This statutory test works with the Jackson sufficiency test to evaluate whether all evidence, *784 direct or circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational trier of fact. State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).
Defendant was convicted of possession of a firearm by a convicted felon. The applicable statute, La.R.S. 14:95.1(A), provides in pertinent part, that, "[I]t is unlawful for any person who has been convicted of a crime of violence as defined in La.R.S. 14:2(13) which is a felony, ... to possess a firearm or carry a concealed weapon." To support a conviction under LSA-R.S. 14:95.1, the State must prove that the defendant possessed the firearm, that the defendant has a prior conviction for an enumerated felony, that the defendant possessed the firearm within ten years of the prior conviction, and that defendant had general intent to commit the crime. State v. Gordon, 00-1013, p. 14 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, 142, writs denied, 02-0362 (La.12/19/02), 833 So.2d 336; 02-0209 (La.2/14/03), 836 So.2d 134. General intent means that the criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal. State v. Holmes, 388 So.2d 722, 727 (La. 1980). Stated another way, once the defendant voluntarily commits the proscribed act, general criminal intent may be presumed. See, State v. Cain, 106 La. 708, 31 So. 300 (La.1902). Actual possession of a firearm is not necessary to satisfy the possession element of LSA-R.S. 14:95.1; constructive possession of a firearm is sufficient to satisfy the element of possession. State v. Blount, 01-844, p. 4 (La.App. 5 Cir. 12/26/01), 806 So.2d 773, 775. A person is in constructive possession of a thing if it is subject to his dominion and control. State v. Francis, 95-194, p. 4 (La.App. 5 Cir. 11/28/95), 665 So.2d 596, 600. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. State v. Jackson, 97-1246, p. 6 (La.App. 5 Cir. 4/13/98), 712 So.2d 934, 937, writ denied, 98-1454 (La.10/16/98), 726 So.2d 37; State v. Webber, 99-23, p. 5 (La.App. 5 Cir. 7/27/99), 742 So.2d 952, 955.
In addition, our jurisprudence has added an aspect of awareness to the offense. La.R.S. 14:95.1; State v. LaMothe, 97-1113, p. 8 (La.App. 5 Cir. 6/30/98), 715 So.2d 708, 712, writ granted in part, 98-2056 (La.11/25/98), 722 So.2d 987. Therefore, the state must also prove that the offender knew that a firearm was in his presence and that the offender had the general criminal intent to possess the weapon. State v. Webber, supra.
In State v. Walker, 03-188, pp. 6-8 (La. App. 5 Cir. 7/29/03), 853 So.2d 61, 65-66, writ denied, 03-2343 (La.2/6/04), 865 So.2d 738, this Court held that where the defendant was driving and alone in the car, the defendant had control over the car and its contends even if the defendant didn't own the car. In the Walker case, this Court also held that the jury reasonably inferred the defendant knew cocaine was hidden in his car's center console from circumstances including the defendant's evasive behavior when he saw the police, the fact that the defendant possessed other drugs, and the fact that he occupied the car alone. Walker, 03-188 at 8, 853 So.2d at 66.
In the present case, the evidence showed that Mr. Watson was alone in the vehicle containing a firearm in the center console armrest. The armrest was close to the driver's seat and also contained Watson's photographic identification. Furthermore, Mr. Watson did not immediately stop when police activated their lights and sirens. The State also presented fingerprint evidence that Watson is the *785 same person who was previously convicted for armed robbery and first degree robbery, which are crimes of violence under La.R.S. 14:2(B) and thus enumerated offenses under La.R.S. 14:95.1. The state also introduced certified copies of defendant's prior convictions, which occurred within the ten-year prescriptive period.
Mr. Watson argues that the evidence is insufficient because the State's witness presented incredible testimony that is unworthy of belief. Specifically, Watson contends it is irrational to believe that one would store a personal identification card with an illegally possessed pistol. The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Bailey, 04-85, p. 4 (La.App. 5th Cir.5/26/04), 875 So.2d 949, 954-955, writ denied, 04-1605 (La. 11/15/04), 887 So.2d 476. When the trier-of-fact is confronted with conflicting testimony, fact findings rest solely with that judge or jury, who may accept or reject, in whole or in part, any witness's testimony. Bailey, 04-85 at 4, 875 So.2d at 955. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. State v. Hooker, 05-251, p. 17 (La.App. 5 Cir. 1/17/06), 921 So.2d 1066, 1076 citing State v. Marcantel, 00-1629, p. 9 (La.4/3/02), 815 So.2d 50, 56; Bailey, 04-85 at 5, 875 So.2d at 955. As the Louisiana Supreme Court stated, "the Jackson standard does not serve as a vehicle for a reviewing court to second guess the rational credibility determinations of the fact finder at trial." State v. Juluke, 98-341 (La.1/8/99), 725 So.2d 1291, 1293. The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witness. State v. Bright, 98-0398, p. 22 (La.4/11/00), 776 So.2d 1134, 1148 citing State v. Hampton, 98-0331, p. 13 (La.4/23/99), 750 So.2d 867, 880.
Officer Johnson's testimony was not clearly unworthy of belief. While storing one's identification in the same location as an illegally possessed pistol is an incautious action, it is not so unbelievable that a rational trier of fact could not find testimony of such to be credible. The fact that Watson's identification card was in the center console along with the firearm supports a finding that Mr. Watson knew the firearm was there, even though he did not own the vehicle. Based on the foregoing, we find that the evidence was sufficient to support Mr. Watson's conviction for felon in possession of a firearm.

Motion to Quash
Mr. Watson argues that the trial court erred in denying his motion to quash because his rights were prejudiced when he was incarcerated for ten months without arraignment or the advice of counsel. The State responds that Mr. Watson is not entitled to relief because the delay in arraignment became moot when Mr. Watson was convicted. The State furthermore contends that Mr. Watson's constitutional right to a speedy trial was not violated because the delay between the filing of the bill of information and the trial was not presumptively prejudicial,[3] the reasons for the delay were beyond the control of the *786 State, and defendant is unable to demonstrate any particular prejudice from the delay.
In his brief, Mr. Watson argues that in addition to the arraignment delay, his constitutional right to a speedy trial was violated. While Mr. Watson filed several pro se motions, the trial court only ruled on the motion to quash. The trial court never ruled on Mr. Watson's pro se motion for speedy trial, or pro se motion to suppress the evidence.[4] If a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived for purposes of appellate review. State v. Gordon, 00-1013, p. 25 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, 149 (citing State v. Post, 98-869, p. 9 (La.App. 5 Cir. 2/10/99), 729 So.2d 38, 42; State v. Jennings, 07-150, p. 3 (La. App. 3 Cir. 5/30/07), 958 So.2d 144, 146). The record does not indicate that Mr. Watson objected to the trial court's failure to rule on his speedy trial motion. In fact, the judge asked which motions were outstanding, and defense counsel replied only the motion to suppress and the motion for preliminary examination. Thus, we decline to address Mr. Watson's complaint regarding speedy trial.
In the present case, Mr. Watson was arrested on July 19, 2005 and was charged by bill of information on October 20, 2005. He was arraigned on May 18, 2006. In his motion to quash, Glenn Watson contends that the 15-month delay between his arrest and trial violated constitutional and procedural mandates under La.C.Cr.P. art. 701. Upon filing of a bill of information or indictment, the district attorney shall set the matter for arraignment within thirty days unless just cause for a longer delay is shown. Just cause, as defined in this article, includes any grounds beyond the control of the State or the Court. La.C.Cr.P. art. 701(C), La.C.Cr.P. art. 701(E). Kimbrough v. Cooper, 05-2335 (La.11/22/05), 915 So.2d 344.
At the arraignment hearing, on May 18, 2006, the defendant argued his pro se motion to quash the bill of information. The state responded that based on La.C.Cr.P. art. 701, there was just cause for the delay. Mr. Watson was incarcerated on July 19, 2005 just before Hurricane Katrina struck on August 29, 2005. The defendant was then moved throughout the state to several prisons. The state was not allowed to bring in inmates when it opened its office after the storm in October. Certain jails have video arraignments, but the state believed that the parish prison in which Mr. Watson was housed did not have access to video arraignment. The state argued there was cause beyond the control of the state to justify the delay in arraignment. The trial judge took notice of Hurricane Katrina and the problems resulting from the hurricane with regard to transporting inmates from the correctional facility. He found the bill of information was filed timely and that the failure to bring Mr. Watkins in for arraignment was not due to the state's negligence. The court found just cause for the delay, and he denied the motion to quash the bill of information.
We agree with the trial court. Kimbrough v. Cooper, 05-2335 (La.11/22/05), 915 So.2d 344, See La. C.Cr.P. art. 701(E). The state was not at fault for the delay, and the defendant has not proven that he was prejudiced by the delay.

ERROR PATENT DISCUSSION
The defendant requests an error patent review. This Court routinely reviews *787 the record for errors patent regardless of whether the defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).
In this case, the commitment reflects that Mr. Watson was sentenced on the firearm count without benefit of probation or suspension of sentence. However, the transcript indicates that Mr. Watson was sentenced without benefit of probation, parole, or suspension of sentence. While this discrepancy is an error patent, it does not require corrective action since the restrictions required by the sentencing statute are self-operative. La.R.S. 15:301.1; State v. Moses, 05-787 (La.App. 5 Cir. 5/9/06), 932 So.2d 701 writ denied by State v. Moses, 06-2171 (La.4/5/07), 954 So.2d 140.
The commitment also does not reflect that the trial court imposed the mandatory fine. The transcript, however, indicates that Mr. Watson was sentenced to pay a fine of $2,000, under La.R.S. 14:95.1. The commitment must be corrected to accurately reflect the fine imposed. The district court is directed to correct the minutes and the commitment to conform with the transcript, reflecting the sentence actually imposed
We find it prudent to strike the guilty plea language in the commitment. The clerk of court is directed to transmit the corrected minute entry/commitment to the officer in charge of the institution to which the defendant has been committed. See: State ex.rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

DECREE
Accordingly, it is ordered that Mr. Watson's convictions and sentences are affirmed. We further order that this case be remanded to allow the trial court to amend the minute entries and commitment to accurately reflect the sentence imposed, and strike the guilty plea language from the commitment. Further, the clerk of court is directed to transmit the corrected minute entries and commitment to the institution where defendant has been committed.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Codefendant Tanya Davis is also named in the bill of information. However, this appeal solely concerns the defendant, Mr. Watson.
[2] The defendant's right to a jury trial was properly waived here. After the defendant was sworn in, the trial judge advised the defendant personally on the record of his right to trial by jury and required the defendant to waive the right personally on the record by oral statement in open court. See State v. Wilson, 437 So.2d 272 (La.1983); State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.1991); State v. Houston, 648 So.2d 948, 949 (La.App. 5 Cir. 1994).
[3] The initial bill of information was filed on October 5, 2005, and Mr. Watson's trial was held on October 31, 2006.
[4] Mr. Watson's attorney also filed a Motion to Suppress. The trial court heard and denied this motion on October 31, 2006.