FREDERICKA HOMBERG WICKER, Judge.
 

 | ¿The defendant/appellant, Mr. Damien Johnson, appeals his conviction and sentence for possession of a firearm by a convicted felon. For the following reasons, the conviction and sentence are affirmed.
 

 Factual and Procedural Background
 

 Agent Jason Monnerjahn, a task officer with the United States Drug Enforcement Agency through the Jefferson Parish Sheriffs Office, arranged a controlled buy, with the use of a confidential informant, which gave his team probable cause to obtain a search warrant for 5557 Jordan Drive in Marrero, Louisiana, on July 9, 2008. Agent Monnerjahn had conducted surveillance of the address for approximately one week prior to executing the warrant. During that time period, he never saw the defendant, Mr. Johnson, enter or exit the house. However, on July 9, 2008, Agent Monnerjahn’s team observed two men exit the residence. The officers encountered the two men, later identified as Paul Jackson and Ronald Rome, at a business not far from the residence. The men were detained and brought back to 5557 Jordan Drive where the officers breached the |cjdoor to gain entry. The officers seized three guns during the search. Two of the guns were located in the east bedroom and were identified as belonging to Paul Jackson; the third gun was located in the living room. The west bedroom did not contain weapons or drug paraphernalia; however, it contained an identification card that belonged to Mr. Johnson. Paul Jackson identified Mr. Johnson as his roommate. Agent Monnerjahn investigated further and learned from Mr. David Gambino, the landlord of the residence, that he had leased the home to Mr. Johnson. Based on the fact that Mr. Johnson lived at the residence and the fact that the gun was located in a common area, Agent Monner-jahn applied for a felony arrest warrant for Mr. Johnson for felony possession of a firearm on July 29, 2008.
 

 Sgt. Shane Klein of the Jefferson Parish Sheriffs Office did not participate in nor was aware of the search that occurred at 5557 Jordan Drive on July 9, 2008. He and his team participated in a separate, subsequent investigation which led to Mr. Johnson’s arrest on August 5, 2008. Sgt. Klein obtained a search warrant for 5557 Jordan Drive on August 1, 2008, after successfully arranging a controlled buy through the use of a confidential informant. Once he obtained the warrant, Sgt. Klein’s team continued to conduct intermittent surveillance of the property until August 5, 2008. On August 5th, Sgt. Klein observed Mr. Johnson exit the side door of 5557 Jordan Drive. Once Mr. Johnson left the residence, he walked a few blocks to the convenience store. Sgt. Klein’s team encountered Mr. Johnson at the store. Once they learned his identity, Mr. Johnson was
 
 Mirandized,
 
 handcuffed, and placed under arrest for the outstanding arrest warrant issued on July 29, 2008. Sgt. Klein relocated, with Mr. Johnson, back to 5557 Jordan Drive to execute the warrant.
 

 |4Mr. Johnson provided Sgt. Klein with two sets of keys but would not identify which key unlocked the door. As Sgt. Klein stood at the side door fumbling with the keys, Mr. Johnson yelled, “the police are here.” At that point, the officers breached the door. The K-9 dog that was present during the search alerted to the west bedroom, which was secured with a deadbolt. Detective Christopher Morris unlocked the bedroom door with the key he obtained from Sgt. Klein. Once he
 
 *1078
 
 entered the bedroom, he observed a tool bag sitting on the floor. He opened the bag to reveal a .38 handgun. The room also contained a social security card with Mr. Johnson’s name and signature, an ASI Federal Credit Union receipt dated May 18, 2008, which included Mr. Johnson’s name, a tax return document addressed to Mr. Johnson dated July 29, 2008, and a utility bill addressed to Mr. Johnson. Det. Morris also found a plastic bag that contained rice and two wrapped foils of brown powder on top of the refrigerator in the kitchen. That substance tested positive for heroin.
 

 Mr. Johnson was charged by bill of information with possession of a firearm by a convicted felon and possession of heroin in violation of La. R.S. 14:95.1 and La. R.S. 40:966(C), respectively on October 17, 2008.
 
 [1]
 
 He pled not guilty to both offenses at the arraignment and moved to suppress his statement. The motion was denied, and the case proceeded to trial.
 

 Sgt. Klein testified that he was unaware that a search occurred at 5557 Jordan Drive on July 9, 2008. He stated, however, that he did know that there was an outstanding arrest warrant for Mr. Johnson. He further stated that the target of his investigation was a black male named “Anthony.” He stated that Mr. Johnson did not fit Anthony’s description but explained that he followed Mr. Johnson to learn whether anyone was present in the house. Sgt. Klein added that he did not Ifiknow who Mr. Johnson was until he encountered him and asked him to identify himself.
 

 Det. Morris testified that he found the gun and marijuana in the west bedroom and the heroin in the kitchen at 5557 Jordan Drive. He further stated that he associated the items located in the room with Mr. Johnson based upon the fact that Mr. Johnson stated that it was his bedroom, coupled with the fact that the door was locked and that Mr. Johnson possessed the key to the locked door. Both Det. Morris and Sgt. Klein testified that Mr. Johnson claimed ownership of the marijuana but denied ownership of the gun and heroin.
 

 Mr. Johnson testified in his own defense at the trial. He testified that he leased 5557 Jordan Drive from Mr. Gambino beginning in 2007 through April or May of 2008. He stated that he was four to five months in arrears on his rent which is why he sublet the house to Paul Jackson and his girlfriend in May of 2008.
 
 [2]
 
 He stated that the rent was $775 per month but that he rented the house to Paul Jackson for $700 because he still stored some of his personal belongings there. Mr. Johnson further testified that he was out in the Gulf working on a shrimp boat on July 9th and did not return to land until July 11th, which is when he first learned that 5557 Jordan Drive had been raided. He stated that when he returned on July 11th, the door was broken and windows were damaged, so he placed a deadbolt on the bedroom door to protect his things.
 

 Mr. Johnson stated that on August 5, 2008, an officer entered the store, pointed a gun in his face, and demanded that he put his hands up. The officer then removed him from the store and brought him outside to Sgt. Klein. Mr. Johnson testified that he was transported back to 5557 Jordan Drive where the officers kicked the door down. He stated that he was never asked for the key and that he
 
 *1079
 
 | (inever yelled that the police were there. Mr. Johnson explained that he still received mail at 5557 Jordan Drive because he had not yet acquired a permanent address. He stated that the marijuana found inside the room belonged to him. However, he denied ownership of the gun but testified that the tool bag and all of its other contents was his. Mr. Johnson could not explain how the gun got inside the bag that was locked in the room. He denied that the heroin found in the kitchen belonged to him.
 

 A 12-person jury found Mr. Johnson guilty of possession of a firearm but not guilty of possession of heroin. He was sentenced to the Department of Corrections for 10 years and given credit for time served. The sentence was to be served without the benefit of probation, parole, or suspension of sentence and was to run concurrently with the sentence imposed in a separate case. The trial court also imposed a $1,000 fine which was suspended and ordered him to successfully complete a drug rehabilitation program.
 

 Assignments of Error
 

 Mr. Johnson contends that the trial court erred in denying the motion for mistrial. He further argues that the evidence was insufficient to support the verdict in this case.
 

 Discussion
 

 First Assignment of Error
 

 In his first assignment of error, Mr. Johnson argues that the prosecutor’s prejudicial remark was sufficient to justify a mistrial, or at least, an admonishment to the jury in this case.
 

 A mistrial is a drastic remedy and, except in instances in which a mistrial is mandatory, is warranted only when trial error results in substantial prejudice to defendant, depriving him of a reasonable expectation of a fair trial.
 
 State v. Davis,
 
 1708—0165, p. 17 (La.App. 5 Cir. 7/29/08), 993 So.2d 295, 305,
 
 writ denied,
 
 08-2188 (La.5/1/09), 6 So.3d 810. Whether a mistrial should be granted is within the sound discretion of the trial court and the denial of a motion for mistrial will not be disturbed absent an abuse of discretion.
 
 Id.
 

 La.C.Cr.P. art. 775 provides, in pertinent part, “upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.”
 

 La.C.Cr.P. art. 770 provides, in pertinent part,
 

 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: ⅜ ⅜ * ⅜
 

 (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
 

 La.C.Cr.P. art. 771 provides:
 

 In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
 

 (1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
 

 ⅜ ‡ * ⅜
 

 
 *1080
 
 In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
 

 During the cross examination of Mr. Johnson, the prosecutor stated “and you know the system well enough.... ” Mr. Johnson’s counsel immediately lodged an objection. Before that statement was made, however, the prosecutor’s line of ^questioning was in reference to Paul Jackson’s arrest that occurred on July 9, 2008. During the bench conference that followed the objection, the prosecutor explained that the question concerned what a person had to do to make bond. He stated that he was attempting to impeach Mr. Johnson by eliciting Paul Jackson’s address from him in order to show the jury that Paul Jackson did not reside at 5557 Jordan Drive in July of 2008 as Mr. Johnson testified. Mr. Johnson’s counsel did not accept the explanation and stated that the comment was prejudicial in that it was meant to show the jury that Mr. Johnson was a criminal who was very familiar with the criminal system. Mr. Johnson’s counsel re-urged his motion for mistrial. The trial judge denied the motion and stated:
 

 Mr. Lemmon, you have asked on direct to your client his prior convictions. They’ve been brought out. You have stipulated that he has a prior conviction. And he’s testified to that under oath. So the fact that he’s in the system is — I think we all know that. I think the jurors know that. I know that. And I don’t see what, ‘You know the system well enough,” what that means to what extent. I don’t see any harm again.
 

 In
 
 State v. Williams,
 
 04-1309, p. 10 (La.App. 5 Cir. 4/26/05), 902 So.2d 485,
 
 writ denied,
 
 05-1640 (La.2/3/06), 922 So.2d 1173, the defendant argued that the trial court erred in denying his motion for mistrial. In that case, the prosecutor stated, “your brother has been in jail for close to two years now, is that correct?”
 
 Id.
 
 at 495. On appeal, this Court found that the statement did not warrant a mandatory mistrial under La.C.Cr.P. art. 770, because it was not unreasonable for the jury to assume that when someone was charged •with armed robbery, aggravated battery, and use of firearms, that that person would be incarcerated pending trial on those charges.
 
 Id.
 
 In that case, we stated that the remark was only of the magnitude as to fall under the purview of La. C.Cr.P.art. 771, which required an admonition only if requested.
 

 |sThe present case is parallel to
 
 Williams, supra.
 
 In this case, the prosecutor’s remark was not of the magnitude to warrant a mandatory mistrial. As the prosecutor explained, the remark was meant to elicit Paul Jackson’s address in July of 2008. The trial judge recognized that the question might have been awkwardly worded but found the remark to be harmless. We agree. Mr. Johnson had already testified about his prior conviction and was currently the defendant in a criminal proceeding; so the jury was already aware that he was familiar with the system. Thus, the prosecutor’s remark did not result in substantial prejudice to justify a mandatory mistrial. Rather, the remark falls under the purview of La.C.Cr.P. art. 771, which only requires an admonition if requested. Therefore, we find that the trial court did not err in denying the motion. Mr. Johnson states that if we find that a mistrial was not warranted, we should find that the trial court erred in failing to admonish the jury. However, La.C.Cr. P. art. 771 states that an admonition may be given upon the request of the defendant. Mr. Johnson did not make such a request in this case. Therefore, this assignment of error is without merit.
 

 
 *1081
 

 Second Assignment of Error
 

 In his second assignment of error, Mr. Johnson contends that the evidence was insufficient to show that he possessed the gun.
 

 In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the
 
 Jackson
 
 standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.
 
 State v. Jones,
 
 08-0020, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt.
 
 Id.
 

 In this case, Mr. Johnson was convicted of La. R.S. 14:95.1, possession of a firearm by a convicted felon. Mr. Johnson argues that the State failed to prove, beyond a reasonable doubt, that he possessed the gun found in the west bedroom.
 

 Actual possession of a firearm is not necessary to satisfy possession; constructive possession is sufficient.
 
 State v. Watson,
 
 08-0214, p. 7 (La.App. 5 Cir. 8/19/08), 993 So.2d 779, 784. Constructive possession occurs when a person who is not in actual possession of an object is considered to be in legal possession of an object if the object is subject to his dominion and control.
 
 State v. Curtis,
 
 99-0045, p. 21 (La.App. 5 Cir. 7/27/99), 739 So.2d 931, 944. A person’s dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared.
 
 Id.
 
 In addition, our jurisprudence has added an aspect of awareness to the offense.
 
 Watson, supra,
 
 at 784. Therefore, the, State must also prove that the offender knew that a firearm was in his presence and that the offender had the general criminal intent to possess the weapon.
 
 Id.
 

 Our jurisprudence recognizes that constructive possession exists when the gun is found in an area that the defendant has customarily occupied.
 
 State v. Ware,
 
 01-0194 (La.App. 5 Cir. 8/28/01), 795 So.2d 495, 500. In
 
 State v. Paul,
 
 05-0612, pp. 7-8 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 350, this Court found that the defendant was in constructive possession of the gun. In that case, the gun was discovered between pillows in a room identified as the defendant’s; the defendant’s father stated that the defendant slept in the room; and the police found personal items bearing the defendant’s name in the room. In
 
 State v. Johnson,
 
 98-0604, 98-0605 (La.App. 5 Cir. 1/26/99), 728 So.2d 901,
 
 writ denied,
 
 99-0624 (La.6/25/99), 745 So.2d 1187, we also found that the evidence was sufficient to establish constructive possession of a gun found lying between the mattress and box spring of the defendant’s bed. Likewise in that case, we found that the State presented evidence that the defendant resided in the bedroom where the gun was found.
 

 In this case, the evidence sufficiently established, beyond a reasonable doubt, that Mr. Johnson had constructive possession of the gun found in the west bedroom of 5557 Jordan Drive. We first note that on July 9, 2008, Agent Monner-jahn established that Mr. Johnson resided at the residence when he found Mr. Johnson’s identification card there; when Paul Jackson identified Mr. Johnson as his roommate; and when he confirmed that Mr. Johnson leased the residence. And on August 5, 2008, Det. Morris unlocked the
 
 *1082
 
 west bedroom at 5557 Jordan Drive using a key that Sgt. Klein obtained from Mr. Johnson. Det. Morris found numerous documents in the room that were addressed to Mr. Johnson. In fact, the tax return document found there was postmarked on July 29, 2008 — only a few days before Mr. Johnson’s arrest. And although Mr. Johnson denied living there, he testified that he used the room for storage.
 

 Despite Mr. Johnson’s testimony that the gun did not belong to him, we find that the evidence was sufficient to support the conclusion that he had constructive possession of the gun. When the trier-of-fact is confronted with conflicting testimony, fact finding rests within the sole discretion of the judge or jury, who may accept or reject, in whole or in part, any witness’s testimony.
 
 Watson, supra,
 
 at 785. It is not the appellate court’s function to assess the credibility of witnesses or to re-weigh the evidence.
 
 Id.
 
 In light of the evidence presented at trial, we find that the jury could have reasonably inferred that Mr. Johnson had constructive possession of the gun. Therefore, this assignment of error is without merit.
 

 | ^Errors Patent Discussion
 

 We have reviewed the record for errors patent in conformity with La.C.Cr.P. art. 920,
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975). Our review reveals one error that does not require corrective action.
 

 La. R.S. 14:95.1(B) provides that persons found guilty of violating its provision shall be “fined not less than one thousand dollars nor more than five thousand dollars.” Although Mr. Johnson was fined $1,000 as part of his sentence, the trial court suspended the fine. In
 
 State v. Jackson,
 
 07-0975 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 252 n. 4, we found no issue with the trial court’s suspension of the mandatory fine imposed under La. R.S. 14:95.1 Therefore, no corrective action is necessary in this case.
 

 For the foregoing reasons, the conviction and sentence are affirmed.
 

 AFFIRMED
 

 [1]
 

 . Mr. Johnson was charged in a separate bill for possession of marijuana.
 

 [2]
 

 . Mr. David Gambino, the owner of 5557 Jordan Drive, testified that he was not aware that Mr. Johnson sublet the property further testifying that the lease specifically prohibited subleasing.