SUSAN M. CHEHARDY, Chief Judge.
|2In this case, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant’s conviction and remand for amendment of defendant’s sentence to correct patent error.

Facts and Procedural History

In this case, the conviction resulted from a guilty plea so the circumstances surrounding the offense were not fully developed at trial. Here, the record reflects that, on or about February 27 and 28, 2010, defendant lured the victim to a residence in St. Charles Parish, forcibly removed her to another location, then raped her at gunpoint.
On March 17, 2010, the St. Charles Parish Grand Jury issued a four count true bill of indictment charging Eric Gros with two counts of aggravated rape, in violation of La. R.S. 14:42 (Counts 1 and 2); one count of aggravated kidnapping, in violation of La. R.S. 14:44 (Count 3); and one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (Count 4).
1,-iOn June 13, 2013, the State amended the indictment to charge defendant with one count of forcible rape, a violation of La. R.S. 14:42.1, and nolle prosequied the three remaining counts. Pursuant to the plea agreement set forth in the record, defendant withdrew his not guilty plea and pled guilty as charged. That same day, the trial judge, also pursuant to the plea agreement, sentenced defendant to 15 years in the Department of Corrections and notified defendant of the sex offender registration requirements. On June 26 and July 10, 2013, defendant filed timely pro se motions for reconsideration of sentence, which were heard and denied on August 13, 2013. The trial judge subsequently granted defendant’s motion for appeal.[2]

*766
Discussion

Under the procedure adopted by this Court in State v. Bradford,[3] 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, supra, and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by ‘“a brief referring to anything in the record that might arguably ^support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439,108 S.Ct. 1895, 1902,100 L.Ed.2d 440 (1988).
In State v. Jyles[5] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” [6]
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[7] If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing legal points |5identified by the court, or grant the motion and appoint substitute appellate counsel.[8]
In his brief, defendant’s appellate counsel asserts that, after a detailed review of the record, he could find no non-frivolous issues to raise on appeal and can find no ruling of the trial court that arguably supports the appeal. In his brief, counsel *767 provides a brief statement of facts and a detailed procedural history of the case. He also notes that pursuant to La.C.Cr.P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Counsel states that the trial judge appropriately denied the pro se motions for reconsideration of sentence since any reconsideration of sentence would constitute a unilateral modification and breach of the original plea bargain.
Appellate counsel notified defendant that he had filed an Anders brief and that defendant had a right to file a pro se brief in this case. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 22, 2013, to file a supplemental brief. As of the date of this opinion, appellant has not filed a supplemental brief.
Although counsel’s brief is not very detailed, an independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The indictment sufficiently identified defendant and properly charged him, plainly and concisely stating the essential facts constituting the offenses charged. See, La.C.Cr.P. arts. 462-66. Further, the minute entries reflect that defendant, who was represented by counsel, appeared at all critical stages of the proceedings 16against him, including his arraignment, guilty plea, and sentencing. As such, there are no appealable issues surrounding defendant’s presence.
In this case, defendant pled guilty. Under both state and federal jurisprudence, it is well-settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-787 (La.12/18/09), 23 So.3d 932. Here, defendant entered an unqualified guilty plea and, therefore, it appears that all non-jurisdictional defects are waived. Further, several pre-trial motions were heard and ruled upon in this case but not preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976).
 Next, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[9] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120,1124.
Our review of the record reveals no constitutional infirmity in defendant’s guilty plea. The record shows that defendant was aware that he was charged with and pleading guilty to the amended bill of indictment of one count of forcible rape. Defendant was informed during the colloquy and in the waiver of rights form of the sentencing range that he faced, and of the actual sentence that would be imposed, if his guilty plea was accepted.
During the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination 17as required by Boykin.[10] During the colloquy, defendant also agreed that he under *768 stood that he was waiving these rights. On the waivei’ of rights form, defendant initialed next to each of those rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty.
During his guilty plea colloquy, defendant also indicated that he had not been forced, coerced, or threatened into entering his guilty plea. Defendant stated that he understood that his guilty plea could be used to enhance penalties for any future convictions.
Further, the waiver of rights form was signed by defendant, his counsel, and the trial judge. Defendant acknowledged on the record that he had gone over the form with his counsel and understood it. After a thorough examination, the trial court accepted defendant’s plea as knowingly, intelligently, and voluntarily made.
With regard to defendant’s sentence, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1178. Here, defendant’s sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea.
Even if defendant could seek review of his sentence, we would find no merit. Here, defendant pled guilty to forcible rape, which is a violation of La. R.S. 14:42.1, which reads that, “[wjhoever commits ... forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years ... [a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.” The trial judge imposed a sentence of “15 | «years with the Department of Corrections” falls within the sentencing range delineated in La. R.S. 14:42.1.
Moreover, defendant’s plea agreement was greatly beneficial to him. Prior to the plea agreement, defendant was facing three counts — two counts of aggravated rape[11] and one count of aggravated kidnapping [12] — that each exposed him to mandatory life sentences, and one count of possession of a firearm by a convicted felon,[13] which had a sentencing range of 10 to 15 years. Pursuant to the plea agreement, defendant received a 15-year sentence on the amended charge of forcible rape, and the State dismissed all other pending counts and agreed not to multiple bill defendant.
Based on the foregoing, we find that defendant’s guilty plea and sentence imposed pursuant to a plea agreement do not present any non-frivolous issues for appeal.

Errors Patent

Finally, pursuant to La.C.Cr.P. art. 920, we have reviewed the record and discovered an error that requires correction. La. R.S. 14:42.1 provides that “[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.” Defendant was advised in the guilty plea form and during the colloquy that at least two years of his sentence had to be served without benefit of probation, parole, or suspension of sentence. However, the transcript reflects that the trial judge failed to impose any statutory restrictions when sentencing defendant.
*769 ] ¡Although such conditions are deemed to exist by operation of law under La. R.S. 15:301,[14] the language of La. R.S. 14:42.1 reads, “at least two years,” which suggests that the trial judge has discretion in determining the length of time that benefits are to be withheld. Accordingly, we remand this case for amendment of defendant’s sentence to comply with La. R.S. 14:42.1(B). State v. Tapps, 02-0547 (La. App. 5 Cir. 10/29/02), 832 So.2d 995, 1004, writ denied, 02-2921 (La.4/21/03), 841 So.2d 789.

AFFIRMED; REMANDED FOR AMENDMENT OF SENTENCE.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Defendant’s motion for appeal, which was filed on September 17, 2013, was untimely under La.C.Cr.P. art. 914(B)(2), which provides in pertinent part that, "[t]he motion for an appeal must be made no later than ... [tjhirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1...." However, to avoid "further useless delay,” we will address defendant’s appeal. See, State v. Babineaux, 08-705 (La. App. 5 Cir. 1/13/09), 8 So.3d 621; State v. Watson, 08-214 (La.App. 5 Cir. 8/19/08), 993 So.2d 779, 782.

. The Bradford Court adopted its procedure from that of the Fourth Circuit, set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Jyles, supra at 241.

. Id.

. Bradford, supra at 1110.

. Id.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Boykin, supra.

. La. R.S. 14:42.

. La. R.S. 14:44.

. La. R.S. 14:95.1.

. State v. Williams, 00-1725 (La.l 1/28/01), 800 So.2d 790, 801.