LILJEBERG, J.
*1010 Defendant appeals his conviction and sentence for possession of a firearm by a convicted felon. For the following reasons, we affirm. We also remand to the trial court for correction of the commitment and the uniform commitment order.
STATEMENT OF THE CASE
Defendant, Lavelle M. Harrell a/k/a "Big Mike," was charged by indictment with the second degree murder of Ronald Perrier and Jonas Perrier, violations of La. R.S. 14:30.1 (counts one and two), and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count three).[1] Defendant pleaded not guilty at his arraignment.
Defendant proceeded to trial before a twelve-person jury, which found him guilty as charged on count three, possession of a firearm by a convicted felon. However, the jury was unable to reach a verdict on the second degree murder charges, resulting in a mistrial on counts one and two. The trial court sentenced defendant, on count three, to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[2] Defendant now appeals, challenging the sufficiency of the evidence used to convict him of possession of a firearm by a convicted felon.
FACTS [3]
At approximately 6:49 p.m. on the evening of January 27, 2014, brothers Ronald Perrier and Jonas Perrier were shot and killed outside of 932 E. Monterey Court in Terrytown, Louisiana. Defendant and his co-defendants were implicated in the murders by the victims' brother, Jessie Perrier, who testified that he was present at the time his brothers were killed[4] and witnessed defendant shoot at his brother Ronald and then flee the scene. Jessie explained that in the weeks leading up to the murder of his brothers, his brother Ronald was involved in a dispute with defendant/co-defendants.
Jessie provided statements to the police based upon the events he witnessed, and as a result, arrest warrants were issued for defendant and his four co-defendants. Defendant's cell phone was seized at the time of his arrest. Pursuant to a search warrant, a forensic analysis was performed on defendant's cell phone. Several photographs were obtained from defendant's cell phone including pictures found on his camera roll depicting him holding firearms with specific metadata indicating the make and model of the phone which took the photograph and the following "capture" dates: December 19, 2013 and January 25, 2014.[5] A photograph without metadata, depicting defendant holding a firearm while standing with his arm around a woman, *1011 was also recovered from defendant's text messages. The information gleaned from the text message indicated that it had been received by defendant on January 5, 2014, but it did not indicate the capture date.
Deputy Donna Quintanilla, an expert in the field of latent print processing and comparison, compared defendant's fingerprints taken on the day before trial to those contained in a certified conviction packet for case number 04-1936 of the Twenty-Fourth Judicial District Court, in which defendant pleaded guilty to the felony offense of distribution of marijuana within one-thousand feet of a playground, in violation of La. R.S. 40:981.3. Based on the fingerprint comparison, Deputy Quintanilla testified that defendant was the same person convicted of violating La. R.S. 40:981.3 in 2004, which formed the basis for the instant conviction of possession of a firearm by a convicted felon.
LAW AND DISCUSSION
In his sole assignment of error, defendant argues the evidence is insufficient to support the verdict of possession of a firearm by a convicted felon. Defendant contends the only testimony presented by the State at trial to show he possessed a handgun was provided by Jessie Perrier-a witness whose testimony was rejected by the jury as evidenced by the jury's inability to reach a verdict on the second degree murder charges. He further submits that the photographs downloaded from his cellular phone and introduced into evidence which depicted him with handguns, specifically State's Exhibits 79H and 79I, do not clearly show that he was actually holding a handgun. Defendant also argues that the State failed to prove that one of the photographs, State's Exhibit 79K, was taken within the date range alleged in the indictment.
The State responds that the evidence is sufficient to support the conviction of possession of a firearm by a convicted felon. The State asserts that eye witness Jessie Perrier testified that he observed defendant shoot at the victims, and that any contradictions to Jessie's testimony concern witness credibility and do not establish that the evidence was insufficient to support the verdict. The State also submits that the photographic evidence retrieved from defendant's cellular phone and introduced at trial establishes that defendant was in possession of various handguns during the relevant time period in question.
The standard of review for determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When addressing the sufficiency of the evidence, consideration must be given to the entirety of the evidence, both admissible and inadmissible, to determine whether the evidence is sufficient to support the conviction. State v. Hearold , 603 So.2d 731, 734 (La. 1992).
It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. State v. Clark , (La. 12/19/16), 220 So.3d 583, 626. The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. Id. ; State v. Tate , 01-1658 (La. 5/20/03), 851 So.2d 921, 929, cert. denied , 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). Thus, a reviewing court may impinge upon the fact finder's discretion "only to the extent necessary to guarantee the fundamental protection of due process of law." Clark , 220 So.3d at 626 ; State v. Mussall , 523 So.2d 1305, 1310 (La. 1988). Absent internal contradiction or *1012 irreconcilable conflict with the physical evidence, a single witness's testimony, if believed by the fact finder, is sufficient to support a factual conclusion. State v. Marshall , 04-3139 (La. 11/29/06), 943 So.2d 362, 369.
In order to convict a defendant of illegal possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt that the defendant had: (1) possession of a firearm; (2) a prior conviction for an enumerated felony; (3) an absence of the ten-year statutory period of limitation; and (4) the general intent to commit the offense. State v. Chairs , 12-363 (La. App. 5 Cir. 12/27/12), 106 So.3d 1232, 1250, writ denied , 13-306 (La. 6/21/13), 118 So.3d 413.
Actual possession of a firearm is not necessary to prove the possession element of La. R.S. 14:95.1. State v. Jones , 09-688 (La. App. 5 Cir. 2/9/10), 33 So.3d 306, 315, writ denied , 11-1301 (La. 3/2/12), 83 So.3d 1042. Constructive possession is sufficient to satisfy the element of possession. Id. ; State v. Day , 410 So.2d 741, 743 (La. 1982). A person is in constructive possession of a firearm if the firearm is subject to his dominion and control. State v. Johnson , 03-1228 (La. 4/14/04), 870 So.2d 995, 998. A person's dominion over a weapon constitutes constructive possession, even if it is only temporary in nature and even if control is shared. Id. at 999.
General intent requires a showing that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). In general intent crimes, the criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal. State v. Howard , 94-23 (La. 6/3/94), 638 So.2d 216, 217.
In the present case, the evidence was clearly sufficient to support defendant's conviction for possession of a firearm by a convicted felon. Deputy Quintanilla testified that she took defendant's fingerprints the day before the commencement of this trial and compared those to the fingerprints contained in a certified conviction packet from a distribution of marijuana within one-thousand feet of a playground (a violation of La. R.S. 40:981.3 )[6] charge, to which defendant pleaded guilty on May 17, 2004, and was sentenced on June 1, 2004. The indictment in this case alleges defendant committed the crime of possession of a firearm by a convicted felon between January 27, 2013 and January 27, 2014. Thus, evidence of defendant being a convicted felon, as well as the date of his previous conviction being within the ten-year cleansing period, was presented to the jury.
The jury was also presented with photographic evidence[7] retrieved through the course of a forensic analysis performed on *1013 defendant's cellular phone seized at the time of his arrest, including:
1) State's Exhibits 79L and 79M: a photograph retrieved from defendant's camera roll with metadata indicating a capture date of December 19, 2013, depicting defendant holding a gun while kneeling next to two other men.
2) State's Exhibits 79J and 79K: a photograph retrieved from defendant's text message database having been received on January 5, 2014, with no metadata, depicting defendant holding a gun while standing next to a woman.
3) State's Exhibits 79H and 79I: a photograph retrieved from defendant's camera roll with metadata indicating a capture date of January 25, 2014, depicting defendant with two guns on his chest and a partial visible hand.
On appeal, defendant challenges the sufficiency of the evidence based upon State's Exhibits 79K and 79H/I. However, he fails to challenge State's Exhibits 79L/M, which clearly show defendant holding a gun while kneeling next to two other men on December 19, 2013-a date which occurred after his prior felony conviction and within the range alleged in the indictment (between January 27, 2013 and January 27, 2014). Detective Steven Villere, an expert in the field of mobile device forensics, testified that State's Exhibits 79L/M were found on defendant's camera roll and contained metadata providing for the make and model of the phone which captured the image as well as the capture date and the time the photograph was taken. Thus, with the photograph in State's Exhibits L/M, the State satisfied its burden of proving defendant possessed a gun during the applicable time period and had the general intent to possess it.
Defendant argues that State's Exhibits 79H/I, depicting defendant with two guns resting on his chest and a portion of his hand/arm resting under the guns to support their position, are insufficient to prove that he possessed a firearm, because "the reasonable possibility that these handguns were superimposed on [defendant's] chest by using photo technology was not refuted by the State." However, this theory was not presented at trial, nor does the record on appeal support such an assertion. Also, defendant challenges State's Exhibit 79K, depicting defendant with a gun in his hand while standing next to a woman, asserting that while this photograph was received via text message on January 5, 2014, it does not contain the metadata necessary to decipher the date the photograph was actually taken. Defendant is correct in this assertion. Nevertheless, even if these images (State's Exhibits 79H/I and/or 79K) were disregarded, the evidence presented by the State was sufficient to prove defendant possessed a gun within the applicable time period.
Taking into account the uncontradicted evidence of defendant's prior felony conviction, as well as the photographs retrieved from defendant's cellular phone that were captured during the time period in question, in viewing the evidence detailed above in the light most favorable to the prosecution, we find the jury had a rational basis to conclude the State proved all essential elements of the crime of possession of a firearm by a convicted felon.
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). Three errors were noted, two of which require corrective action.
*1014 First, defendant's sentence is illegally lenient due to the failure of the trial court to impose the mandatory fine. La. R.S. 14:95.1(B) provides for a mandatory fine of not less than one thousand dollars nor more than five thousand dollars. In this case, neither the commitment nor the transcript reflects the imposition of the mandatory fine required under the statute.
The Louisiana Supreme Court has held that an appellate court has the authority under La. C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the issue of an illegal sentence was not raised by the defendant or the State. State v. Campbell , 08-1226 (La. App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied , 09-1385 (La. 2/12/10), 27 So.3d 842. However, this authority is permissive rather than mandatory. State v. Horton , 09-250 (La. App. 5 Cir. 10/27/09), 28 So.3d 370, 376. This Court has often declined to use its authority to remand cases for imposition of a mandatory fine when the defendant is indigent. See Horton , supra .
In the present case, neither party has raised this issue, and defendant is represented by the Louisiana Appellate Project, which provides appellate legal services for indigent criminal defendants in non-capital felony cases. Due to defendant's indigent status, we decline to remand this matter for imposition of the mandatory fine.
Second, there is a discrepancy between the commitment and the transcript. The commitment reflects the trial court designated defendant's conviction as a crime of violence, whereas the transcript does not. If "there is a discrepancy between the minutes and the transcript, the transcript must prevail." State v. Lynch , 441 So.2d 732, 734 (La. 1983).
While certain crimes are required to be designated by the court in the minutes as a "crime of violence" per La. C.Cr.P. art. 890.3(C), the crime of possession of a firearm by a convicted felon is not one of them. La. R.S. 14:2(B) defines, "crime of violence" as an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The statute thereafter provides a list of enumerated offenses and states that those offenses and attempts to commit any of them are included as "crimes of violence." Possession of a firearm by a convicted felon does not fall within the statutory definition of a crime of violence or under any of the enumerated offenses listed as crimes of violence. Thus, the designation in the commitment of defendant's conviction as a crime of violence is erroneous.
This Court has previously remanded cases for correction of the commitment in its error patent review. See State v. Beal , 13-925 (La. App. 5 Cir. 5/14/14), 142 So.3d 124. Accordingly, we remand this case for correction of the commitment for accuracy purposes with regard to the noted discrepancy.
Lastly, the uniform commitment order (UCO) incorrectly reflects the date of the offense on count three as January 27, 2014. However, the record reflects that the offense occurred between January 27, 2013 and January 27, 2014. This Court has previously remanded a case for correction of the UCO in its error patent review. See State v. Lyons , 13-564 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied , 14-0481 (La. 11/7/14), 152 So.3d 170. Accordingly, we remand the matter for correction of the *1015 UCO to accurately reflect the date range of the offense for count three. We further order the Clerk of Court for the Twenty-Fourth Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Doucet , 17-200 (La. App. 5 Cir. 12/27/17), 237 So.3d 598, 609.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence. We also remand to the trial court for correction of the commitment and the uniform commitment order.
AFFIRMED; REMANDED WITH INSTRUCTIONS

Defendant was charged in counts one and two along with four co-defendants: Andrew M. Johnson a/k/a Mikey a/k/a Dolamike; Ashton D. Milton a/k/a Ackie; Joshua C. Parker a/k/a Stacks; and David M. Samuels, Jr. a/k/a Soup a/k/a Lil Dave. Defendant and his co-defendants were tried together.

Defendant subsequently filed a motion to reconsider sentence, which was denied by the trial court.

Because a mistrial was declared by the trial court on counts one and two, the facts presented herein primarily relate to defendant's conviction for possession of a firearm by a convicted felon.

The State and defense witnesses gave conflicting testimony regarding whether or not Jessie Perrier was present at the scene at the time of the murders.

Detective Steven Villere, an expert in the field of mobile device forensics, testified that the "capture" time is the date and time the photograph was taken.

A violation of La. R.S. 40:981.3 is a violation of the Uniform Controlled Dangerous Substances law-an enumerated felony under La. R.S. 14:95.1.

At trial, Jessie Perrier testified that he was present when his brothers were murdered on January 27, 2014, and that he saw defendant possess a gun and shoot it. Defendant asserts that Jessie Perrier's trial testimony should be disregarded as support for his conviction, because his testimony "was rejected by the jury as evidenced by the inability of the jury to reach a verdict on the second degree murder charges." The jury's failure to reach a verdict on the murder charges does not mean that it rejected the entirety of Jessie's testimony. However, we need not consider this argument, because the photographic evidence was sufficient to support the verdict.