STATE OF LOUISIANA

VERSUS

JAMAR WILLIAMS

NO. 24-KA-567

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-4205, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

September 24, 2025

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

**AFFIRMED;**
**REMANDED WITH INSTRUCTIONS**
        **MEJ**
        **FHW**
        **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
JAMAR WILLIAMS
Prentice L. White

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Darren A. Allemand
Piper M. Scotton
Leo M. Aaron

**JOHNSON, J.**

Defendant, Jamar Williams, appeals his conviction for possession of a firearm by a convicted felon adjudicated in the 24th Judicial District Court, Division "N". For the following reasons, we affirm Defendant's conviction. We also remand the matter with instructions.

### FACTS AND PROCEDURAL HISTORY

On October 21, 2022, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. Defendant was arraigned on October 25, 2022, and pleaded not guilty. On May 10, 2023, the Jefferson Parish District Attorney filed a superseding bill of information charging Defendant with two counts of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. Defendant was arraigned on the superseding bill on May 18, 2023, and pleaded not guilty to both counts. On that same date, the trial court granted the State's motion to introduce the 9-1-1 call.

On May 22, 2023, the case was tried before a 12-person jury. At trial, the State introduced into evidence the 9-1-1 call and the report associated with that call made on August 25, 2022.[1] The trial court admitted the call and report into evidence, and the call was played for the jury. In that 9-1-1 call, the caller asked for the police to come to Mike's Discount at 6421 or 6142 Fourth Street. The caller identified herself as "Tamara" and said her "baby daddy" shot at her. The caller also stated, "He knocked me in my jaw." She identified the perpetrator as

---

[1] On May 11, 2023, the State filed a notice of intent to use and introduce 911-telephone calls and recordings into evidence. In that notice, the State said that the copy of the 9-1-1 call, recording, and event history report satisfied the requirements of La. C.E. art. 803(6) and La. R.S. 13:3733 and were self-authenticating pursuant to La. C.E. art. 902(11), as established by the certification of Nancy Clary, a designated representative for the custodian of records with the JPSO. The State attached Ms. Clary's certification to its notice. At the hearing, defense counsel objected to the substance of the 9-1-1 call coming in without being able to cross-examine the caller. The prosecutor said Ms. Clary was available to come in and testify; however, the trial judge responded he did not think defense counsel's issue was whether Ms. Clary would testify. Defense counsel agreed. After hearing arguments of counsel, the trial judge granted the State's motion to admit the 9-1-1 call.

Defendant, pointing out he was wearing a lime green shirt and black shorts. The caller also said Defendant got into a black Jeep. She told the 9-1-1 operator that she thought Defendant was going to Alpaca Street. The caller explained that, after Defendant punched her in the jaw, she broke his car window with a bat, and Defendant then shot at her approximately four times.

The caller told the 9-1-1 operator that she did not think anyone was injured. She explained the Jeep Defendant was driving did not have the broken window, and Defendant's gray Impala with license plate number 494BXY and a broken window was parked by the store. The caller informed the 9-1-1 operator she was going to stay at Mike's at 6142 Fourth Street, and she was in a black Infiniti. The caller confirmed she would be driving around the store, and she would flag down the patrol car when it arrived. The 9-1-1 operator told the caller to look for the police because she was going to send them out.

Detective Jesus Falcon of the Jefferson Parish Sheriff's Office ("JPSO") testified he and Sergeant Keith Dowling later obtained and executed a search warrant at 6305 Fourth Street, Apartment 1304, on August 29, 2022—an apartment associated with Defendant. Detective Falcon further testified he found a semi-automatic firearm wrapped inside a red bandana, which was inside a black bag hanging on a bedpost in a bedroom. He explained medical paperwork for Defendant was found in that bag as well. A photograph of a receipt from Ochsner Health showed that Defendant was treated in the emergency department on August 29, 2022. Detective Falcon stated he found Jefferson Parish paperwork with Defendant's name on it, Defendant's social security card, and his birth certificate on the dresser in the same bedroom.[2]

Sitara Shirwani testified she worked as a DNA analyst at the JPSO DNA lab.

---

[2] Detective Falcon asserted he also found a rifle in the closet. However, the trial judge found that evidence was irrelevant to the instant case

The trial court accepted her as an expert in the field of forensic DNA analysis. Ms. Shirwani further testified the DNA profile obtained from the swab of the firearm found in the bag was interpreted as being a mixture of DNA from three contributors. She also testified the DNA profile obtained from this item was at least 100 billion times more likely to be the DNA originated from Defendant and two unknown contributors than to have originated from three unknown contributors. She explained her testing indicated very strong support for the proposition that Defendant was a contributor to the DNA obtained from this item.

Ms. Shirwani asserted that when a person touches something, it will usually deposit more DNA on the object than a transfer event. She could not say how or when the DNA got onto the gun. Ms. Shirwani testified she was not aware that the gun was wrapped in a bandana. She said there was a possibility the DNA on the bandana had transferred to the gun. She also testified there was a possibility there was no DNA on the bandana. Ms. Shirwani pointed out she was never asked to look at the bandana to see if there was any DNA on it.

Dona Quintanilla testified she was a supervisor at the JPSO Crime Lab in the latent print section. The trial court accepted her as an expert in the field of latent print processing and comparison. Ms. Quintanilla further testified she fingerprinted Defendant that day in court. She stated she compared Defendant's fingerprints to the fingerprints contained in the certified conviction packets. Ms. Quintanilla asserted she identified Defendant's right index fingerprint in comparison to the conviction packets.

After the presentation of the evidence, Defendant was found guilty as charged on count one and not guilty on count two. On May 30, 2023, Defendant's trial counsel filed a motion for new trial, and the motion was denied on June 15, 2023. On June 19, 2023, Defendant filed a *pro se* "Motion for New Trial and/or Motion for Post Judgment of Acquittal Supplemental Brief to Go With

Attorney's."

The State filed a habitual offender bill of information, alleging Defendant to be a third-felony offender on July 18, 2023. On that same date, the trial court sentenced Defendant to imprisonment at hard labor for seven years without benefit of parole, probation, or suspension of sentence on count one. Defendant then stipulated to being a third-felony offender, after which the trial court vacated the original sentence and resentenced Defendant as a third-felony offender to imprisonment at hard labor for 15 years without benefit of parole, probation, or suspension of sentence. The trial court waived court costs, fines, and fees, finding those payments would cause Defendant an undue financial hardship. Defense counsel orally objected to the sentence. Afterward, on July 18, 2023, defense counsel filed a written Motion for Appeal. On July 19, 2023, the trial court provided written reasons for judgment for its finding that Defendant was a third-felony offender. The trial court granted defense counsel's motion for appeal on July 20, 2023.

In his first appeal, *State v. Williams*, 23-451 (La. App. 5 Cir. 10/19/23), 375 So.3d 531, this Court pointed out Defendant's trial counsel had filed a motion for new trial on May 30, 2023, which the trial court denied on June 15, 2023. It further pointed out that on June 19, 2023, Defendant filed a *pro se* "motion for new trial"[3] including new arguments not raised in the counseled motion for new trial. This Court noted that the transcript from the June 15, 2023 hearing did not include any reference to Defendant's *pro se* motion and did not include a discussion of the new arguments raised in the motion. Also, it stated the record did not contain a ruling or disposition by the trial court on Defendant's *pro se* motion for new trial. This Court commented it was likely the trial court was not aware of the filing of

_____

[3] The complete title of Defendant's *pro se* motion was "Motion for New Trial and/or Motion for Post Judgment of Acquittal Supplemental Brief to Go With Attorney's."

the motion for new trial as Defendant failed to include an order to set the motion for hearing. Therefore, this Court vacated Defendant's sentence and remanded the matter to the trial court for a ruling or a disposition on Defendant's *pro se* motion for new trial, reserving Defendant's right to appeal his conviction, habitual offender adjudication, and sentence in the event that the ruling on the motion was adverse to Defendant. *Id.*

On remand, on March 7, 2024, the trial court denied Defendant's *pro se* motion for new trial after hearing arguments of counsel. Defense counsel then waived sentencing delays. Afterward, on that same date, the trial judge resentenced Defendant on the underlying conviction to imprisonment at hard labor for seven years without benefit of parole, probation, or suspension of sentence to be served concurrently with any other sentence Defendant may have been serving at that time. On June 10, 2024, the State filed a new habitual offender bill, which was identical to the one it filed before. On that same date, Defendant's trial counsel and Defendant completed a new waiver of rights form on the newly filed habitual offender bill. Defendant subsequently stipulated to being a third-felony offender, after which the trial judge vacated the original sentence and resentenced him as a third-felony offender to imprisonment at hard labor for 15 years without benefit of parole, probation, or suspension of sentence. The trial judge reassured defense counsel that Defendant's appellate rights were still in effect.

On September 18, 2024, Defendant's new trial counsel filed a motion for out-of-time appeal that was granted on September 23, 2024. The instant appeal followed.

## ASSIGNMENT OF ERROR

On appeal, Defendant alleges that the evidence presented at trial was insufficient to convict him of possession of a firearm by a convicted felon, and the conviction should be reversed.

## LAW AND ANALYSIS

Defendant argues that the evidence was insufficient to convict him of possession of a firearm by a convicted felon because it failed to prove beyond a reasonable doubt he had either actual or constructive possession of the firearm. He contends although the DNA analyst, Ms. Shirwani, testified his DNA was on the handgun, neither her report nor her testimony could establish how his DNA was placed on the firearm, whether directly or transmitted from the bandana. Defendant points out Ms. Shirwani testified to finding the DNA of three individuals on the firearm. He argues there was no evidence to suggest he exhibited either guilty knowledge or an awareness of the handgun. Defendant briefly asserts the State presented insufficient evidence of guilt by using the 9-1-1 recording instead of testimonial evidence from the 9-1-1 dispatcher or from the person who initiated the 9-1-1 call. As such, he argues the jury's guilty verdict was reversible error.

The State responds it presented sufficient evidence to sustain Defendant's conviction. It further responds that on August 25, 2022, the police received a 9-1-1 call regarding a shooting incident, after which they executed a search warrant on Defendant's apartment on August 29, 2022. The State asserts that during the search of a bedroom, police recovered a .380 caliber handgun wrapped in a bandana from a bag, which also contained paperwork showing Defendant received medical treatment that day. The State avers DNA testing on the handgun showed to a probability of at least 100 billion that Defendant's DNA was on the handgun. It concludes the evidence clearly showed Defendant possessed this handgun. The State also argues that, although Defendant complains about the 9-1-1 call being admitted without the testimony of the caller or the dispatcher, the argument was not properly assigned or briefed.

The question of sufficiency of the evidence is properly raised in the trial court by a motion for post-verdict judgment of acquittal pursuant to La. C.Cr.P. art. 821. *State v. Nguyen*, 22-286 (La. App. 5 Cir. 2/27/23), 359 So.3d 108, 118. Defendant filed such a motion in this case, and the trial court denied it.

In reviewing the sufficiency of the evidence, an appellate court must determine if the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Lane*, 20-181 (La. App. 5 Cir. 1/27/21), 310 So.3d 794, 804. Under the *Jackson* standard, a review of the record for sufficiency of the evidence does not require this Court to determine whether the evidence at the trial established guilt beyond a reasonable doubt but rather whether, upon review of the whole record, any rational trier of fact would have found guilt beyond a reasonable doubt. *State v. McKinney*, 20-19 (La. App. 5 Cir. 11/4/20), 304 So.3d 1097, 1103.

Additionally, the resolution of conflicting testimony rests solely with the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. *State v. Burnham*, 16-468 (La. App. 5 Cir. 2/8/17), 213 So.3d 470, 474, *writ denied*, 17-664 (La. 4/6/18), 240 So.3d 184. Thus, in the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. *McKinney*, 304 So.3d at 1103.

Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common experience. *State v. Gatson*, 21-156 (La. App. 5 Cir. 12/29/21), 334 So.3d 1021, 1034. When circumstantial evidence is used to prove the commission of an offense, La. R.S.

15:438 provides that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." *State v. Woods*, 23-41 (La. App. 5 Cir. 11/15/23), 376 So.3d 1144, 1155, *writ denied*, 23-1615 (La. 5/29/24), 385 So.3d 700. This is not a separate test from the *Jackson* standard, but rather provides a helpful basis for determining the existence of reasonable doubt. *Id.* All evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. *Id.* Evidence of flight, concealment, and attempt to avoid apprehension is relevant and admissible to prove consciousness of guilt from which the trier-of-fact may infer guilt. *State v. Davis*, 18-485 (La. App. 5 Cir. 4/10/19), 269 So.3d 1123, 1132, *writ denied*, 19-716 (La. 11/12/19), 282 So.3d 229.

Encompassed within proving the elements of an offense is the necessity of proving the identity of the defendant as the perpetrator. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. *State v. Lopez*, 23-335 (La. App. 5 Cir. 8/21/24), 398 So.3d 167, 176-77, *writ denied*, 24-1187 (La. 1/14/25), 398 So.3d 650.

Defendant was convicted of being a felon in possession of a firearm, in violation of La. R.S. 14:95.1. To support a conviction under La. R.S. 14:95.1, the State must prove beyond a reasonable doubt that the defendant had: (1) possession of a firearm; (2) a prior conviction for an enumerated felony; (3) an absence of the ten-year statutory period of limitation; and (4) the general intent to commit the offense. With respect to the third element, the State must prove that ten years has not elapsed since the date of completion of the punishment for the prior felony conviction. *Woods*, 376 So.3d at 1156. With respect to the fourth element, general criminal intent is present whenever there is specific intent, and also when the

circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2).

Actual possession of a firearm is not necessary to satisfy possession; constructive possession is sufficient. *State v. Johnson*, 11-238 (La. App. 5 Cir. 12/28/11), 83 So.3d 1075, 1081. A person is in constructive possession of a firearm if the firearm is subject to his dominion and control. *State v. Mickel*, 09-953 (La. App. 5 Cir. 5/11/10), 41 So.3d 532, 535, *writ denied*, 10-1357 (La. 1/7/11), 52 So.3d 885. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. *State v. Harrell*, 18-63 (La. App. 5 Cir. 10/17/18), 258 So.3d 1007, 1012. A defendant's mere presence in an area where a firearm was found does not necessarily establish possession. *State v. Perry*, 17-567 (La. App. 5 Cir. 6/27/18), 250 So.3d 1180, 1197, *writ denied*, 18-1325 (La. 11/14/18), 256 So.3d 285. The State must also prove that the offender was aware that a firearm was in his presence and that the offender had the intent to possess the weapon. *Id.* The question of whether there is sufficient possession to convict is dependent on the facts of each case. *Mickel*, 41 So.3d at 535.

First, the State established defendant possessed a firearm. The trial court admitted into evidence a 9-1-1 call from a woman who told the operator that Defendant, the father of her baby, punched her in the jaw and shot at her. The woman knew Defendant and was able to identify him as the shooter. The JPSO thereafter executed a search warrant at an apartment associated with Defendant where they retrieved a black bag hanging on a bedpost in a bedroom. The JPSO searched the bag and found a semi-automatic firearm wrapped inside a bandana, along with Defendant's medical paperwork, which was dated August 29, 2022, the same date as the shooting. They also found Jefferson Parish paperwork with

Defendant's name on it, Defendant's social security card, and his birth certificate on the dresser in the same bedroom. Ms. Shirwani testified she compared the swab from the firearm to the reference buccal swab from Defendant and concluded there was very strong support for the proposition Defendant was a contributor to the DNA on this item. She further testified the DNA profile obtained from the firearm was at least 100 billion times more likely to be the DNA originated from Defendant and two unknown contributors than to have originated from three unknown contributors. Although it is unknown when the DNA was placed on the gun, the evidence was still sufficient to show Defendant had possession of the firearm and the general intent to commit the offense since the caller, who knew Defendant, positively identified him as the shooter.

Additionally, the State established Defendant had a prior conviction for an enumerated felony and the absence of the ten-year statutory period of limitation. Ms. Quintanilla testified Defendant's fingerprints taken in court matched the fingerprints contained in the 2017 certified conviction packet for Defendant's conviction of possession of cocaine, an enumerated felony. The evidence also showed the absence of the ten-year statutory period of limitation. Regardless of when the punishment for the prior conviction in 2017 ended, that conviction was still within ten years of the instant offense in 2022.

Defendant briefly asserts the State presented insufficient evidence of guilt by using the 9-1-1 recording instead of testimonial evidence from the dispatcher or the caller; however, he does not argue on appeal that the trial court erred by admitting the 9-1-1 call. In any event, as is set forth above, the evidence was sufficient to support the conviction.[4]

In light of the foregoing, we find that a rational trier of fact could have found

---

[4] When addressing the sufficiency of the evidence, consideration must be given to the entirety of the evidence, including inadmissible evidence that was erroneously admitted, to determine whether the evidence is sufficient to support the conviction. *State v. Hearold*, 603 So.2d 731, 734 (La. 1992).

that the evidence was sufficient under the *Jackson* standard to support Defendant's conviction of possession of a firearm by a convicted felon.

Errors Patent Review

The record was reviewed for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

The June 10, 2024 transcript does not reflect that the trial judge ordered the enhanced sentence to run concurrently with any and all sentences Defendant may be serving; however, the sentencing minute entry and the uniform commitment order ("UCO") reflect the trial court did so. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). As such, we remand this matter for correction of the sentencing minute entry and the UCO to delete the provision related to the concurrent nature of Defendant's sentence. (*See Burnham*, 213 So.3d at 477, where this Court remanded the matter for correction of the UCO when it stated the sentence was "concurrent with any or every sentence the offender is now serving," but the transcript and sentencing minute entry did not reflect this).

**DECREE**

For the foregoing reasons, we affirm Defendant's conviction for possession of a firearm by a convicted felon. We further remand the matter for correction of the sentencing minute entry and the UCO in accordance with the instructions in this opinion.

**AFFIRMED;
REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-567

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
CHRISTOPHER A. ABERLE (APPELLANT)          PRENTICE L. WHITE (APPELLANT)          DARREN A. ALLEMAND (APPELLEE)
JULIET L. CLARK (APPELLEE)                 THOMAS J. BUTLER (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LEO M. AARON (APPELLEE)
PIPER M. SCOTTON (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053